IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAVID WILLIAM RODENBERG,** ) | |
| **ID # LD2593,** ) | |
|       Petitioner, ) | |
| vs. ) | No. 3:18-CV-1030-N (BH) |
| ) | |
| **WARDEN, HUTCHINS STATE JAIL,** ) | Referred to U.S. Magistrate Judge |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's habeas petition under 28 U.S.C. § 2241, received April 24, 2018 (doc. 3). Based on the relevant findings and applicable law, this action should be **DENIED**.

**I. BACKGROUND**

David William Rodenberg (Petitioner), a state prisoner currently incarcerated in the Texas Department of Criminal Justice Hutchins State Jail (TDCJ), was convicted of bank robbery in Cause No. 4:15-CR-173 in the United States District Court for the Eastern District of Texas and was sentenced to 60 months' imprisonment by judgment entered April 19, 2016. The court recommended that he receive "appropriate mental health and drug treatment," and that he be "designated to a North Texas medical facility, if appropriate, and to be close to family; otherwise [he] should be designated to a facility in the North Texas area." The court also recommended that "this case run concurrent to any term of imprisonment that may be imposed" in Cause No. F15-1155-158 in the 159th Judicial District Court of Denton County, Texas. Petitioner was subsequently convicted of robbery in Cause No. F15-1155-58 and sentenced to five years of imprisonment on September 23, 2016. *See* https://offender.tdcj.texas.gov (search for petitioner).

Petitioner complains that he was sent to TDCJ, where he was taken off of medication that is necessary for a mental health condition, and that he is not getting the mental health treatment ordered by the federal court. He asks to be transferred to federal custody.

## II.  TRANSFER

Petitioner does not have a constitutional right to be transferred from state to federal custody. *See United States v. Burns*, 2018 WL 1069179 at *2 (S.D. Tex. Feb. 23, 2018) (no constitutional right to be transferred from state to federal custody); *see also Simpson v. Cockrell*, 273 F.3d 1100 (5th Cir. 2001) (prisoner did not have a constitutional right to incarceration in any particular prison system, and he was not entitled to a transfer from state to federal custody).

Petitioner was in state custody in the Denton County Jail at the time that the federal criminal proceedings began, and his presence for those proceedings was obtained by a writ of habeas corpus ad prosequendum. (*See* No. 4:15-CR-173, doc. 6.) The state therefore had primary jurisdiction over him. *See Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (state had primary jurisdiction over prisoner where he was in state custody and his presence for a federal criminal trial was secured by a writ of habeas corpus ad prosequendum). A state retains primary jurisdiction over a prisoner in such a situation even though he had not yet been convicted in state court when he was transferred to the federal government by the writ of habeas corpus ad prosequendum. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). "[A] defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately." *Id*.

2

Moreover, regardless of whether the state or federal government had primary jurisdiction over Petitioner, where a prisoner serves concurrent federal and state sentences is a matter for the two sovereigns involved to decide. *Simpson*, 273 F.3d at 1100; *Causey*, 621 F.2d at 694. "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." *Causey*, 621 F.2d at 694. Petitioner is not entitled to relief on this claim.

### III. MEDICAL TREATMENT

Petitioner claims that he has been taken off of medication that is necessary for a mental health condition, and that he is not getting the mental health treatment ordered by the federal court. Contrary to his claim, the federal court did not order that he receive mental health treatment. It only recommended that he be placed in a North Texas medical facility and receive appropriate mental health and drug treatment *while serving his sentence in federal prison*. A recommendation of treatment for a federal prisoner is not binding on the Bureau of Prisons. *See United States v. Dougan*, 684 F.2d 1030, 1033 (10th Cir. 2012) (district court's recommendation of treatment during incarceration is not binding on the Bureau of Prisons); *Woods v. Quarterman*, 2009 WL 175114 at *1 n.2 (S.D. Tex. Jan. 23, 2009) (district court's recommendation of confinement to a particular facility is not binding on the Bureau of Prisons). Nor is it binding on TDCJ.

Moreover, courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). "A habeas petition []is the proper vehicle to seek release from custody," and a civil rights action under 42 U.S.C. § 1983 is generally the "proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Carson v. Johnson,* 112 F.3d

818, 820 (5th Cir. 1997). Because Petitioner's claim for injunctive relief attacks prison procedures and does not seek relief from his conviction and sentence, it is not a habeas claim that may be considered.

If Petitioner wishes to pursue his claims regarding his medical treatment, he must file a separate civil action using the appropriate forms for his civil claims and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action must pay the full $400 filing fee, although the filing fee may be paid in installments that are withdrawn from the prisoner's trust account if leave to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(b)(1).[1] Because of the filing fee, Petitioner's motion is not liberally construed as seeking to open a new case at this time.

## IV.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SIGNED on this 15th day of May, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE